UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-835(DSD/SRN)

United States of America,

       Plaintiff,

v.                                                          **ORDER**

Gregory G. Langkand,
individually and doing
business as Gregory's
Carpet & UPH Cleaning and
Option One Mortgage Corporation,

       Defendants.

    LaQuita Taylor-Phillips, U.S. Department of Justice, Tax Division, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044, counsel for plaintiff.

    John P. Boyle, Esq., Kristin B. Heebner, Esq. and Moss & Barnett, 90 South Seventh Street, Suite 4800, Minneapolis, MN 55402, counsel for defendant Langkand.

    Dana K. Nyquist, Esq., Michael J. Orme, Esq. and Orme & Associates, Ltd., 4040 Nicols Road, Eagan, MN 55122 and Nell E. Mathews, Esq., Lindquist & Vennum, 80 South Eighth Street, Suite 4200, Minneapolis, MN 55402, counsel for defendant Option One Mortgage Corporation.

    This matter is before the court on plaintiff's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

**BACKGROUND**

On February 24, 1993, the Greater Minneapolis Metropolitan Housing Corporation conveyed by warranty deed the real property located at 627-629 Lowry Avenue, N.E., in Minneapolis, Minnesota ("subject property") to defendant Gregory Langkand. On February 20, 2003, 1st Trust Mortgage Corporation obtained a mortgage interest in the subject property, and on May 12, 2004, filed a corrective mortgage. 1st Trust later assigned its interest in the subject property to Option One Mortgage Corporation ("Option One").

In 1998, 2003 and 2004, a delegate of the Secretary of the Treasury assessed federal income taxes, penalties and interest against Langkand for the 1996, 2001 and 2003 tax years. As of February 4, 2008, Langkand's liability was $15,981.64. (See Pl. Br. at 2.) Also, at various dates in 2002 through 2006, a delegate of the Secretary of the Treasury assessed employment and unemployment taxes, penalties and interest against Langkand for certain tax periods ending in 1996 through 2004. As of February 11, 2008, Langkand's liability was $193,584.32. (See id. at 2-3.) The IRS filed Notices of Federal Tax Liens against Langkand in connection with these tax assessments on October 3, 2003, December 24, 2003, February 16, 2005, March 7, 2005, and March 10, 2005.

On February 5, 2007, the United States filed suit against Langkand seeking to reduce to judgment the unpaid tax assessments and accruals and entry of judgment in favor of the United States

and against Langkand for the total unpaid balance plus additional accruals.  Further, the United States seeks a determination that it has valid federal tax liens on the subject property and an order that those liens be foreclosed against that property.  Finally, the United States asks the court to order a sale of the subject property and to distribute the proceeds in accordance with the court's findings as to the validity and amounts of the liens, claims, and interest.[1]  On July 9, 2007, defendant stipulated to his liability for the unpaid taxes, and on February 1, 2008, the United States moved for summary judgment.

**DISCUSSION**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Section 6321 of Title 26 of the United States Code provides that:

---

[1] The United States named Option One as a defendant pursuant to 26 U.S.C. § 7403(b) because of its interest in the subject property. (Compl. ¶ 4.)  The United States and Option One agree that Option One's mortgage interest in the subject property is superior to the United States' interest in that property.

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. The lien imposed by § 6321 arises at the time of assessment and continues until the liability for the assessed amount is satisfied or becomes unenforceable. 26 U.S.C. § 6322. Here, in light of Langkand's stipulation to liability on the unpaid taxes, the court reduces to judgment the unpaid tax assessments and accruals in favor of the United States and enters judgment against Langkand for the total unpaid balance plus additional accruals. Further, the court determines that federal tax liens arose on the assessment dates for the unpaid taxes and attached to all property and rights to property belonging to Langkand, including the subject property.

Section 7403(a) provides that in "any case where there has been a refusal or neglect to pay any tax [the United States] may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States ... or to subject any property, of whatever nature, of the delinquent ... to the payment of such tax or liability." Accordingly, pursuant to § 7403(a), the court orders that the federal tax liens be foreclosed against the subject property and that the subject

4

property be sold and the proceeds distributed in conformance with § 7403(c). See United States v. Bierbrauer, 936 F.2d 373, 374 (8th Cir. 1991) ("Section 7403 of the Internal Revenue Code authorizes a federal district court to order a sale of property in which a delinquent taxpayer has an interest in order to satisfy that taxpayer's debt.").

## CONCLUSION

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that

1. The United States' motion for summary judgment [Doc. No. 22] is granted.

2. Judgment is entered in favor of the United States and against Gregory Langkand in the amount of $15,981.64, plus interest and statutory additions according to law accruing after February 4, 2008, until judgment is paid.

3. Judgment is entered in favor of the United States and against Gregory Langkand in the amount of $193,584.32, plus interest and statutory additions according to law accruing after February 11, 2008, until judgment is paid.

4. The United States' liens shall be enforced and foreclosed against the real property located at 627-629 Lowry Avenue, N.E., in Minneapolis, Minnesota, as described in paragraph five of the complaint, through a judicial sale conducted pursuant to law.

5.   The United States shall submit to the court a proposed order of sale of the subject property at such time as it chooses to proceed with the sale.

Dated:  August 25, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court
